**SISTERS OF THE PRECIOUS BLOOD, INC., Plaintiff,**

v.

**BRISTOL–MYERS COMPANY, Defendant.**

**No. 76 Civ. 1734(MP).**

United States District Court, S. D. New York.

May 11, 1977.

Spengler, Carlson, Gubar, Churchill & Brodsky, New York City, for plaintiff, by Jonathan H. Churchill, New York City; Paul M. Neuhauser, Iowa City, Iowa, of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant, by Merrell E. Clark, Jr., New York City.

POLLACK, District Judge.

Bristol-Myers Co. has moved pursuant to Fed.R.Civ.P. 56 for a summary judgment dismissing plaintiff's complaint. For the purposes of this motion, the plaintiff's allegations are not controverted by defendant. Defendant's motion will be granted for the reasons appearing hereafter.

This is a suit for alleged violation of Section 14(a) of the Securities Exchange Act of 1934 and Rule 14a–9 [1] and Item 22 of

---

1. "No solicitation subject to this regulation shall be made by means of any proxy statement . . . containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false

Schedule 14A [2] adopted pursuant to the Act. Plaintiff, owner of 500 shares of Bristol-Myers stock, submitted a shareholder proposal for inclusion in the company's proxy solicitation materials to be issued in connection with the 1976 annual meeting of stockholders. The proposal, if adopted, would *request* Bristol-Myers' directors to provide a written report describing the company's marketing of infant formula products in developing countries, including sales and market share information, sales promotion policies, and nutritional research information.[3] Plaintiff's proposal was precatory, not mandatory; *i. e.,* defendant would not have been bound by stockholder adoption thereof to provide the requested report.

Bristol-Myers did include plaintiff's shareholder resolution and supporting statement in its 1976 proxy solicitation materials, together with a statement by management recommending a vote against the proposal. Plaintiff's resolution was defeated at the 1976 stockholders' meeting, receiving less than 3.5% of the votes cast.[4]

Plaintiff alleges in the instant action that Bristol-Myers' 1976 proxy statement was materially false and misleading in asserting that: defendant does not sell infant formula products in the least developed countries; its sales in the less developed countries are only one-third of its total sales; its sales are mostly of "sick baby" formulas; and its products are marketed through professional medical personnel and are not promoted where poverty and ignorance could lead to misuse. Moreover, plaintiff contends that the proxy statement mischaracterized a prior infant formula report issued by the company. Plaintiff also claims that the proxy statement improperly omitted to state the percentage of the vote required for adoption of plaintiff's resolution.

Plaintiff seeks a declaration that the proxy rules were violated and an injunction requiring defendant to resubmit plaintiff's resolution for a fair vote at a special meeting of stockholders with an explanation to the stockholders of the reasons for such resubmission.[5]

Bristol-Myers asserts on this motion that the present controversy is moot and that plaintiff has failed to allege either transaction causation or economic loss causation and cannot demonstrate sufficient injury to satisfy the irreparable harm requirement for injunctive relief. Defendant further contends that it was not obliged under the proxy rules to state the vote required to adopt plaintiff's resolution.

Jurisdiction of the Court is bottomed on the federal securities laws, 15 U.S.C. §§ 78aa; 78n(a). *See J. I. Case Co. v. Borak,* 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964).

■ Defendant's proxy solicitation did not result in or have the tendency to threaten or cause plaintiff any irreparable harm sufficient to warrant injunctive relief. Plaintiff's proposal was precatory only; it sought merely stockholder approval of a "request" that Bristol-Myers' management issue a report concerning the marketing of infant formula products in developing countries. Regardless of the outcome of the shareholder vote, management was entirely privileged to ignore the request and retained complete discretion not to make such a report. Plaintiff can point to no corporate action or transaction to which the chal-

or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading."

2. "To each matter which is to be submitted to a vote of security holders, other than elections to office or the selection or approval of auditors, state the vote required for its approval."

3. Plaintiff has been conducting a campaign to "educate" shareholders and others with respect to infant formula marketing practices in developing countries.

4. A similar proposal submitted by plaintiff at the 1975 annual meeting had received less than 5.5% of the votes cast.

5. Bristol-Myers had offered to resubmit plaintiff's shareholder proposal at its 1977 annual meeting, but that offer was rejected by plaintiff.

lenged proxy solicitation or resulting vote was an essential link.

Plaintiff concedes that transaction causation is an indispensable element of a claim for relief under § 14(a), *i. e.,* that a claimant must show that the challenged proxy solicitation was an essential link in the accomplishment of some corporate action. *See Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374 (2d Cir. 1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975). Plaintiff contends, however, that the proxy solicitation coupled with the defeat of plaintiff's shareholder proposal, constitute the requisite corporate action.

Plaintiff's contention, if adopted, would vitiate the requirement that transaction causation be shown. It necessarily carries the implication that causation is established by the mere solicitation of votes, a rule which the Second Circuit in *Schlick, supra,* expressly declined to endorse. 507 F.2d at 382. Such a rule is unwarranted and would lead courts to engage, as in this case, in empty judicial exercises.

Plaintiff's claim posited on Schedule A, Item 22 that Bristol-Myers was required to state the vote needed for adoption of the shareholder proposal is likewise without merit. Note B thereto explicitly states "Where any item calls for information with respect to any matter to be acted upon at the meeting, such item need be answered in the management's soliciting material only with respect to proposals to be made by or on behalf of the management of the issuer." Therefore, defendant was not obliged to state the vote necessary for adoption of plaintiff's proposal.

To proceed further with this lawsuit would be "an empty exercise resulting, at most, in a judicial declaration of no practical import." *See Browning Debenture Holders' Committee v. DASA Corp.,* 524 F.2d 811, 814 (2d Cir. 1975). An evaluation of the objective accuracy of the proxy statement regarding plaintiff's shareholder proposal would be an empty exercise in semantics in the circumstances of this case.

Accordingly, defendant's motion for summary judgment dismissing the complaint is granted.

Bristol-Myers has additionally asked that plaintiff be directed to withdraw from the Court files "all affidavits, letters and exhibits purportedly filed in opposition to the summary judgment motion, but in fact not relevant to it." Plaintiff has larded the record with a mass of irrelevancies. The Court will strike from the record all irrelevancy and for that purpose will receive from counsel respectively an identification thereof.

SO ORDERED.